**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1869
_____

ISAN CONTANT,
                              Appellant

v.

CRAIG LOWE; SGT. WINCOVICH; SGT. DERRICK; ROBERT MCLAUGHLIN; LT.
KUMBURES; LT. LAMBIGNE; OFFICER JOHN DOE; SGT. JOHN FRAWLEY;
OFFICER PIERRE DELAPLACE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-08-cv-01403)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2011

Before:  JORDAN, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 7, 2011)
_____

OPINION
_____

PER CURIAM

        Isan Contant, an immigration detainee proceeding pro se, appeals from the District

Court's order granting summary judgment in favor of the defendants in his civil rights

action.  For the following reasons, we will affirm.

I.

In July 2008, Contant filed suit in the District Court pursuant to 42 U.S.C. § 1983 alleging that, during a four-month period in 2008, officials at the Pike County Correctional Facility in Pennsylvania failed to provide him with meals that complied with his Muslim faith. He claimed that such failure violated his rights under the First Amendment and the Due Process Clause.[1] Contant sought compensatory and punitive damages as well as injunctive relief.[2]

Following discovery, the defendants moved for summary judgment. The defendants claimed that Contant had been placed on a religiously compliant diet on March 12, 2008,[3] but was suspended from that diet on June 10, 2008, because he had been consuming non-compliant foods. Specifically, defendants contended that, on June 9, 2008, a corrections officer had observed Contant eating soup from the "regular" inmate menu, and that a review of his commissary purchases at that time revealed that he had consumed a number of non-compliant snacks during the preceding months. On October

---

[1] Contant also asserted claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc5 (2000), and the Pennsylvania Religious Freedom Protection Act (RFPA), 71 Pa. Stat. Ann. §§ 2401-2407 (2002). The District Court determined that the defendants were entitled to summary judgment on these claims. Contant does not challenge these rulings on appeal.

[2] As noted below, Contant was subsequently reinstated to the common fare diet plan at the Pike County Facility. He was then transferred to the Perry County Prison. Therefore, any injunctive relief he seeks is moot.

[3] Prior to June 2, 2008, a kosher diet was provided to inmates like Contant who requested a modified diet for religious needs. On June 2, 2008, the prison enacted a new "common fare" diet designed to meet the religious needs of a diverse inmate population.

2, 2008, Contant was placed back on the common fare diet. According to the defendants, they fairly applied the prison's policy regarding modified diets to Contant in a manner consistent with his constitutional rights.

In response, Contant claimed that the defendants were not justified in removing him from the common fare diet because, contrary to the correction officer's contention, he did not eat soup from the regular food line on June 9, 2008. Contant further claimed that he was never notified that he was not permitted to eat regular food from the commissary while enrolled in the common fare diet. Contant also moved for summary judgment.

The District Court entered summary judgment in favor of the defendants. The court first determined that the defendants had not violated Contant's First Amendment rights by temporarily denying him a modified diet because the prison has a legitimate penological interest in restricting the diet to those inmates who adhere to it. See Turner v. Safley, 482 U.S. 78, 89 (1987); DeHart v. Horn, 227 F.3d 47, 50-51 (3d Cir. 2000). Next, the court rejected Contant's claim that his due process rights were violated when he was removed from the common fare diet without notice of the relevant penalty provisions because, according to the District Court, a prisoner does not have a liberty or property interest in receiving a religiously compliant diet.

Contant now appeals from the District Court's order.

II.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. See Wicker v. Consol. Rail Corp., 142 F.3d 690, 696 (3d Cir. 1998). Summary judgment is appropriate only if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

III.

On appeal, Contant argues that the District Court erred in entering summary judgment in favor of the defendants because he did not in fact violate the prison's diet policies. First, Contant contends that he cannot be held in violation of the prison's common fare policy for purchasing regular food items from the commissary before June 2, 2008, because the policy was not yet in place. We disagree. As the District Court explained, strict adherence to the religious meal plan was required under both policies. Furthermore, nothing in the new policy suggests that the prison may not review an inmate's past food purchases in the course of assessing his eating habits. Next, Contant contends that, contrary to the defendants' contention, he did not eat soup from the regular food line on June 9, 2008. Even assuming, however, that Contant did not eat soup that day, he nonetheless failed to comply with the prison's policies by purchasing non-compliant items from the commissary. Therefore, this disputed fact is immaterial to the District Court's summary judgment determination.

Contant claims that there was also a disputed issue of fact as to whether or not he was on notice that he was not permitted to consume regular foods from the commissary

4

while enrolled in the common fare diet. As the District Court explained, however, Contant does not have a liberty interest in receiving a diet that complies with his religious beliefs. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972) (an individual has a due process interest in something where has "more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it"). See also Rogers v. United States, 696 F.Supp. 2d 472, 500-01 (W.D. Pa. 2010) (prisoners do not have a due process interest in religiously compliant meals). See generally Sandin v. Conner, 515 U.S. 472, 484 (1995) (explaining that, to establish a procedural due process claim based on the violation of a liberty interest, an inmate must show that the actions of prison officials amounted to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). In the absence of such an interest, a plaintiff cannot sustain a due process claim. See Board of Regents, supra, 408 U.S. 578 (absent a cognizable interest, no process is required before deprivation). Therefore, the factual dispute over notice to the plaintiff did not preclude the District Court from entering summary judgment on his due process claim. [4]

IV.

---

[4] To the extent that Contant contends that certain statements made by the District Court demonstrate bias warranting recusal on remand, we disagree. In any event, given that we will affirm the District Court's order, Contant's request for recusal on remand is moot.

5

For the foregoing reasons, we will affirm the District Court's order entering summary judgment in favor of the defendants. The Appellees' "Motion to Accept Supplemental Appendix Out of Time" is granted.